OPINION. Nan Fossan, Judge; The single issue is whether the income of trust No. 100 and trust No. 400 was taxable to the petitioner grantor after the respective beneficiaries thereof became of age. The petitioner makes no contention that the income is not taxable to him during the minority of the beneficiaries. See George B. Whiteley, Jr., 42 B. T. A. 402; affd. (C. C. A. 3d Cir.) 120 Fed. (2d) 782. The determination of this question rests on the proper application of section 22 (a), Revenue Acts of 1936 and 1938, to the facts before us in the light of Helvering v. Clifford, 309 U. S. 331, and Helvering v. Stuart, 317 U. S. 154. The respondent has carefully combed the trust instrument and has found the following rights reserved which, he argues, constitute the incidents of ownership in the donor sufficient to charge him with the taxable income therefrom: (1) to approve all investments and reinvestments; (2) to determine what portion of the income or corpus shall be paid to the beneficiaries after they attain their majority; (3) to vote all shares of stock in the trust; and (4) “the trustee was prohibited from selling or exchanging the stock of the Dentists’ Supply Company of New York, except in a consolidation or merger, or if the stock became a bad investment, and in those cases only with the approval of the donor or of his wife, if she survived him.” In opposition to these powers of the donor, we find that the trust was irrevocable and was for a long term. The bank was named as the trustee and was given broad powers of management. The donor divested himself absolutely of the property and had no right of reversion or right to recover any share of the corpus. The donor had no right to share in any income in any event. Since the beneficiaries presently before us are of age, there is involved no right to or duty of parental support. No question of the bona fides of the trust is suggested. Cases of this type, involving the taxability of trusts, are seldom easy of decision. No two are exactly alike. Each case requires the study of the powers reserved to the donor and of his opportunity to benefit under the trust, either immediately or at some future time. The adjudicated cases indicate that no single factor is determinative — a fact may be vital in the background of one case and of small importance in another situation. Reduced to its essence, the decision of such a case requires a nice balancing of the powers and rights granted to the trustee and beneficiary and those retained by the donor, to the end of determining where lies the real right of ownership of the income. While recognizing the merit of respondent’s position, after carefully weighing the facts before us in the light of the above considerations, we have come to the conclusion that the present case falls without the scope of the line of cases stemming from Helvering v. Clifford, supra, and that the petitioner is not taxable on the income of the trust distributable to the adult beneficiaries. In our judgment the bundle of rights which the donor retained were not the equivalent of ownership contemplated by the cited case. Decisions will be entered under Rule 50.